IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| THOMAS WILLIAM FRENCH, | Cause No. CV 22-169-M-DWM |
| Petitioner, | |
| vs. | ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |
| PETER BLUDWORTH; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On October 11, 2022, Petitioner French moved to proceed in forma pauperis with this action under 28 U.S.C. § 2254. French is a self-represented state prisoner. He is serving a 60-year sentence after entering an *Alford* plea to two counts of sexual intercourse without consent. *See* Pet. (Doc. 1) at 3 ¶¶ 3–4.

On November 22, 2022, the Court ordered French to show cause why his petition should not be dismissed without prejudice for failure to exhaust state remedies. French responded on December 20, 2022, stating that he filed his petition for postconviction relief in the trial court more than two years ago, and the court has taken no action. *See* Resp. (Doc. 5) at 1. The Court has reviewed the docket from French's petition, DV-41-2020-337-PR and determined that the petition is still pending. The Court notes that French has not filed anything in that

1

matter in over a year and may not be pursuing that action diligently.[1]

The Court makes no decision at this time as to whether any claim is untimely, procedurally barred, or meritorious. The only issue addressed by this Order is whether French may proceed in this Court at this time.

A person who claims that a state's criminal judgment is unconstitutional under federal law must give the state courts the first opportunity to consider his claims. Before filing in federal court, French must "exhaust" the judicial remedies available to him in state court. *See* 28 U.S.C. § 2254(b)(1)(A), (c). The exhaustion requirement is a "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520 (1982).

Since French's state postconviction petition is still pending in the trial court, he has the opportunity to present those claims. If the trial court's decision is adverse to him, he may also appeal to the Montana Supreme Court. *See* Mont. Code Ann. § 46-21-101 *et seq.* Because the state courts may still decide his claims, French must give them the opportunity to do so. Even assuming French's claims have merit, this Court is unable to grant relief until the state courts have ruled on or dismissed his postconviction petition. *See* 28 U.S.C. § 2254(b)(2).

---

[1] A court may take judicial notice of a state court's records that are directly related to a federal habeas petition, *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011), and "not subject to reasonable dispute," Fed. R. Evid. 201(b).

In some circumstances, a federal court may stay a habeas petition and hold it in abeyance until state remedies are exhausted. A stay does not appear to be needed here. French's petition appears to be timely under state law. *See* Mont. Code Ann. § 46-21-102(1)(a). If it was timely and otherwise properly filed, it stopped the one-year federal limitations period from running. *See* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Dismissing the federal petition at this time will thus not prejudice French. After French has exhausted his postconviction petition, he may simply file a new federal habeas petition. A second petition is not "second or successive" if it is filed after the first petition was dismissed for failure to exhaust state remedies as to one or more claims. *See* 28 U.S.C. § 2244(b); *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000).

A certificate of appealability, 28 U.S.C. § 2253(c)(2), is not appropriate. Reasonable jurists would not find any exhausted claim. There is no reason to encourage further proceedings in this Court at this time. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Accordingly, IT IS ORDERED:

1. French's petition (Doc. 1) is DISMISSED as unexhausted.

2. The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this _____ day of March, 2023.

_____
Donald W. Molloy
United States District Court